## MASSACHUSETTS SHIP CANAL COMPANY *vs.* EDWARD P. SHAW.

Suffolk.   March 28, 1898. — March 30, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Cape Cod Ship Canal — Offer to deposit Money with State Treasurer as required by Statute.*

An offer, on or about June 1, 1896, to deposit $150,000 with the Treasurer of the Commonwealth, was not within the time required by § 23 of St. 1895, c. 464, approved June 4, 1896, and entitled "An Act to incorporate the Massachusetts Ship Canal Company"; and the fact that the joint board, composed of the rail-

road commissioners and of the harbor and land commissioners, under § 8 of the act, had made no decision upon the application of the company for the determination of certain matters as provided therein, does not extend the time.

PETITION, filed January 4, 1898, for a writ of mandamus to issue to the respondent, as Treasurer of the Commonwealth, compelling him to receive from the petitioner a deposit of one hundred and fifty thousand dollars, pursuant to § 23 of St. 1895, c. 464, entitled "An Act to incorporate the Massachusetts Ship Canal Company."

Hearing before *Holmes,* J., who, at the request of the parties, reserved the case for the consideration of the full court upon the petition, return, and the agreed statement of facts. The facts appear in the opinion.

*B. S. Parker,* for the petitioner.

*F. T. Hammond,* Assistant Attorney General, for the respondent.

FIELD, C. J.   This is a petition for a writ of mandamus to compel the Treasurer and Receiver General of the Commonwealth to receive from the petitioner a deposit of one hundred and fifty thousand dollars, under St. 1895, c. 464, § 23. It is not alleged that the petitioner has tendered this sum to the respondent, but it is alleged that the petitioner requested the respondent " to receive said deposit," and that the respondent refused to receive it.

St. 1895, c. 464, was approved on June 4, 1895, and six months from the passage of the statute expired on December 4, 1895. It is agreed that this sum was not deposited within this six months, and that the time when the petitioner requested the respondent to receive the deposit " was on or about June 1, 1896, and that the refusal of the respondent to accept the same or allow the said deposit to be made was August 5, 1896." It is also agreed " that five hundred thousand dollars of the capital stock of the petitioner's corporation was not subscribed on or before December 1, 1896, and that the sum of one hundred thousand dollars was not paid in upon said stock before December 1, 1896." See St. 1895, c. 464, § 20. The Legislature, by St. 1896, c. 542, which was approved on June 9, 1896, incorporated the Massachusetts Maritime Canal Company for substantially the same purpose as that for which the petitioner was incorporated by St. 1895, c. 464.

The contention of the petitioner rests upon the construction to be given to .§ 8 of the St. of 1895, which is as follows:

" Said corporation shall, within six months from the passage of this act, apply to the boards of railroad commissioners and of harbor and land commissioners, who, for the purposes hereinafter stated, are constituted a joint board to determine what provision shall be made by the canal company for the crossing of said canal by the New York, New Haven, and Hartford Railroad Company, and at what point such crossing shall be made by a railroad drawbridge, and for crossings for the public where the canal cuts through highways. Said joint board, after giving to all parties interested such notice as they shall deem sufficient, shall determine said matters, and shall decide what arrangement shall be made for the temporary crossing of the location of the canal company while the drawbridge is being built, and shall further decide at what time said railroad company shall commence to use said new bridge and its approaches, and the decision of a majority of said board shall be final. Said canal company shall comply with said decision, building and maintaining such bridges and furnishing such means of crossing said canal as shall be determined by said joint board, but the time taken by said joint board from the date of said petition to said joint board to the date of their decision shall be taken as additional time to all time limits and requirements set forth in this act. In case the location of said railroad is changed where the same crosses the location of said canal, the former location shall become the property of said canal company from and after the time when said railroad company commences to use said new location."

On November 9, 1895, which was within six months from the passage of St. 1895, c. 464, the petitioner applied to the joint board of railroad commissioners and of harbor and land commissioners, asking for a determination " upon all and singular of the matters and things mentioned and specified in said section 8." Said joint board at the date of the filing of the petition in this cause, which was on January 4, 1898, had made no decision whatever upon such matters; and we infer that no decision has been made since. It is not disputed that the joint board and the Legislature have acted on the assumption that, as

the petitioner did not deposit one hundred and fifty thousand dollars with the Treasurer and Receiver General within six months from the passage of St. 1895, c. 464, the act had become null and void.

The petitioner contends that as by § 8 it is provided that " the time taken by said joint board, from the date of said petition to said joint board to the date of their decision, shall be taken as additional time to all time limits and requirements set forth in this act," the time for depositing one hundred and fifty thousand dollars with the Treasurer and Receiver General under § 23 was extended until after the date of the decision of the joint board, and therefore that the offer of the petitioner to deposit this sum was within the time prescribed by the statute. The contention, in short, is that the limitation of six months after the passage of the act, found in § 23, is one of the time limits set forth in the act, and that the provision of § 8, which we have cited, applies to all the time limits set forth in the act. But this is sticking in the bark. An examination of the whole statute discloses that there are some time limits and requirements set forth in the act which are dependent upon or may be affected by the decision of the joint board, and some time limits which are wholly independent of the decision of the board. Section 8 itself provides that " Said corporation shall, within six months from the passage of this act, apply," etc. It would seem absurd to contend that the six months within which the petitioner must make the application may be extended until after the joint board has made a decision upon the matters involved in the application.

The matters upon which the joint board is to pass imply that the corporation already has filed its location, pursuant to § 4 of the statute, which requires the location to be filed " within six months from the passage of this act with the county commissioners for the county of Barnstable, defining the courses, distances, and boundaries thereof." After filing this location, the claims for land damages would accrue under §§ 6 and 7 of the statute, and it is unreasonable to suppose that it was intended that the right to make application for determining these damages should be postponed until after the decision of the board under § 8. The purpose of § 23 was that the Commonwealth might have the assurance which the deposit therein provided for

would give that the corporation was acting in good faith, and had the control of some money which it was willing to put at risk as a pledge of its ability to carry out the provisions of the act. If, at the end of six months from the passage of the act, it was not able to make and did not make the deposit as therein provided, the Legislature declared that the act should become null and void. When the act thus became null and void, the power of the joint board to proceed to make a decision under § 8 ceased. It was a condition precedent to the continued operation of that section that the statute should be in force when the decision was made. The time within which the money must be deposited, the location filed, and the application to the board made was the same, namely, within six months from the passage of the act, and the whole scope of the act shows that in these respects no power was given to the board directly or indirectly to extend the time, nor were these limits of time in any way made dependent upon the action of the board. The phrase " all time limits and requirements set forth in this act," found in § 8, must be construed with reference to the import of the whole statute, and so construed the phrase means " all time limits and requirements set forth in the act" which in their nature are or may be dependent upon or affected by the decision of the board upon the matters which they are authorized to determine under said § 8.

It is unnecessary to consider the other questions argued. The petition must be dismissed.

*So ordered.*